UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ROBERTO CIAPRAZI,

            Plaintiff,

   -against-

ALLAN JACOBSON; R. WILLIM; MARY J.
D'SILVA; CARL J. KOENIGSMANN;
BRIAN FISCHER,

            Defendants.

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-23-14

**13 Civ. 4813 (PAC) (KNF)**
**ORDER ON REPORT**
**AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* plaintiff Roberto Ciaprazi ("Ciaprazi"), convicted of kidnapping in the first degree in 1996 and incarcerated at Sing Sing Correctional Facility ("Sing Sing") since 2006, brings this 42 U.S.C. § 1983 action against Defendants Allan Jacobson ("Jacobson") and R. Willim ("Willim"),[1] dentists at Sing Sing; Mary J. D'Silva ("D'Silva"), Director of Correctional Dental Services for the New York State Department of Corrections and Community Supervision ("DOCCS"); Carl Koenigsmann ("Koenigsmann"), the Chief Medical Officer of DOCCS; and Brian Fischer ("Fischer"), the Commissioner of DOCCS (collectively, "Defendants"). Plaintiff alleges that Defendants were deliberately indifferent to his dental needs in that they refused to perform root canal surgery to repair and replace his broken teeth and fillings. This is claimed to be cruel and unusual punishment in violation of the Eighth Amendment. In addition, Plaintiff alleges that Defendants' actions violated state tort law.[2]

---

[1] Dr. Willim's first name is not specified in the Complaint.
[2] At a minimum, this is the ninth suit Plaintiff has brought during his incarceration. (Dkt. 2 at ¶¶ 14-21). He notes in his Complaint that "[i]dentifying information on other lawsuits is no longer available." (Dkt. 2 at 2 n.1). The majority of the claims he has identified are pending in the New York Court of Claims.

1


On July 18, 2013, the Court referred this case to Magistrate Judge Kevin Nathaniel Fox. (Dkt. 6). Defendants moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on November 25, 2013. (Dkt. 28). On June 17, 2014, Magistrate Judge Fox issued a Report and Recommendation ("R&R") that Defendants' motion to dismiss be denied in its entirety because (1) Plaintiff has sufficiently alleged both the subjective and objective elements of his claim that Defendants were deliberately indifferent to his serious dental needs; (2) Plaintiff has shown that all Defendants were personally involved in the deprivation of Plaintiff's constitutional rights; (3) Plaintiff has sufficiently alleged that Defendants' actions were not objectively reasonable so as to defeat Defendants' claim of qualified immunity; and (4) New York Correction Law § 24 does not prevent the Court from hearing Plaintiff's state law claims because Plaintiff's claims are premised on diversity jurisdiction. (R&R at 16-28).

On July 21, 2014, Defendants timely filed an objection to Magistrate Judge Fox's R&R, arguing that Plaintiff's state law claims should be dismissed because Correction Law § 24 bars claims against corrections officers in both state and federal court. (Dkt. 45). On August 6, 2014, Plaintiff filed a response to Defendants' Objections, entitled "Plaintiff's Response to Defendants' Objections to the June 17, 2014 Report and Recommendation." (Dkt. 47). Plaintiff raises no objections to Magistrate Judge Fox's R&R in this response.

For the reasons that follow, the Court adopts the conclusions of Magistrate Judge Fox's R&R, except that Defendants' motion to dismiss Plaintiff's state law claims, Counts X and XI, is granted.

## DISCUSSION[3]

### I. Standard

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes a timely written objection, the district court must review the contested issues *de novo*. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). The Court, however, "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

### II. Analysis

Neither party objects to Magistrate Judge Fox's recommendations with regard to Plaintiff's federal claims brought under 42 U.S.C. § 1983. Finding no clear error, the Court adopts these portions of the R&R.[4]

Defendants object to Magistrate Judge Fox's recommendation that Defendants' motion to dismiss Plaintiff's state law claims be denied. Magistrate Judge Fox held that Correction Law § 24 does not bar Plaintiff's state law claims because these claims are premised upon diversity jurisdiction. While noting that "Correction Law § 24 divests this federal court of supplemental jurisdiction over the state-law claims against the defendants," (R&R at 26-27), he recommends that the Court not dismiss Plaintiff's state law claims because "Correction Law § 24 cannot divest the district court of its diversity jurisdiction premised on a federal statute, namely, 28 U.S.C. § 1332(a)(2)," (R&R at 28). Defendants argue that Correction Law § 24 bars Plaintiff's

---

[3] For the facts of this case, see Magistrate Judge Fox's R&R (Dkt. 41).
[4] The Court notes that the question of whether the failure to treat a sore tooth could be cruel and unusual punishment is not before the Court at this time. It is doubtful whether the complaint alleges anything more than common law negligence or simple malpractice.

3

claims regardless of whether they are brought in federal court pursuant to supplemental jurisdiction or diversity jurisdiction.

> Correction Law § 24 holds that
>
> "(1) No civil action shall be brought in any court of the state, except by the attorney general on behalf of the state, against any officer or employee of the department, . . . in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties by such officer or employee.
>
> (2) Any claim for damages arising out of any act done or the failure to perform any act within the scope of the employment and in the discharge of the duties of any officer or employee of the department shall be brought and maintained in the court of claims as a claim against the state."

Accordingly, state employees, including correctional employees, are not subject to suit in state courts for claims arising out of their employment, and such claims must be brought as a suit against the state in the court of claims.

Here, Plaintiff's claims involve acts or inaction by Defendants within the scope of their employment. It is well settled that state claims brought in federal court under supplemental jurisdiction against correctional employees acting within the scope of their employment must be dismissed given the preclusive effect of Correction Law § 24. *See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996) ("[Correction Law § 24] precludes the assertion of claims against corrections officers in any court, including the federal courts . . . because a federal court acts essentially as a state court in addressing pendent state law claims."). As the Second Circuit has previously noted, "a state law depriving its courts of jurisdiction over a state law claim also operates to divest a federal court of jurisdiction to decide the claim." *Moodie v. Fed. Reserve Bank of N.Y.*, 58 F.3d 879, 884 (2d Cir. 1995).

This analysis does not change when a federal court's jurisdiction over the claims arises in diversity. *See Woods v. Interstate Realty Co.*, 337 U.S. 535, 537 (1949) ("[T]he policy of *Erie R.*

4

*Co. v. Tompkins* precluded maintenance in the federal court in diversity cases of suits to which the State had closed its courts."); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108-09 (1945) ("[A] federal court adjudicating a state-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State" and "it cannot afford recovery if the right to recover is made unavailable by the State."). Similar attempts to avoid the preclusive effects of Correction Law § 24 have been rejected. *See, e.g., Lee v. N.Y. Dep't of Corr. Servs.*, 1999 WL 673339, at *3 (S.D.N.Y. Aug. 30, 1999) ("Plaintiff argues that the presence of diversity jurisdiction for the assertion of the state law claims here, avoids the preclusive effect of Section 24, since the case law refers instead to state law claims in federal court due to pendent jurisdiction. Plaintiff's distinction is unavailing, however, since even under diversity jurisdiction, New York law would apply.").

Plaintiff argues that Correction Law § 24 cannot divest this court of jurisdiction over his state claims because it was found unconstitutional in *Haywood v. Drown*, 556 U.S. 729 (2009). (Dkt. 47 at 4). In fact, *Haywood* held that insofar as Correction Law § 24 relegates federal claims to the state court of claims, the law is unconstitutional, but that its preclusion of state claims in federal court does not violate the Supremacy Clause. *Haywood,* 556 U.S. at 2115-17; *accord Parris v. N.Y. Dep't of Corr. Servs.*, 947 F. Supp. 2d 354, 365-66 (S.D.N.Y. 2013); *Blanche v. Pirelli*, 2009 WL 2499737, at *8 (S.D.N.Y. Aug. 7, 2009) ("The Supreme Court, however[,] did not hold that N.Y. Corr. § 24 is unconstitutional in its bar of state claims in state courts; it only held that state courts must be open to § 1983 federal claims"). Since this Court must apply the substantive law of New York when sitting in diversity, Plaintiff's state law claims must be dismissed because they are precluded by Correction Law § 24.

## CONCLUSION

Correction Law § 24 precludes Plaintiff's state law claims from proceeding before this Court. Accordingly, Defendants' motion to dismiss the state law claims is granted. With respect to the remainder of Plaintiff's claims, the Court adopts Magistrate Judge Fox's R&R. The Court denies Defendants' motion to dismiss Plaintiff's claims under 42 U.S.C. § 1983. The Clerk of Court is directed to terminate the motion at Docket Number 28. The reference to Magistrate Judge Fox for further proceedings consistent with this order is continued.

Dated: New York, New York  
       September 22, 2014

SO ORDERED

_____  
PAUL A. CROTTY  
United States District Judge

Copy Mailed By Chambers To:

Roberto Ciaprazi
DIN# 96-A-5408
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562