UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERTO CIAPRAZI,

                       Plaintiff,

        -against-                     **REPORT AND RECOMMENDATION**

ALLAN JACOBSON, R. WILLIM, MARY J.    13-CV-4813 (PAC) (KNF)
D' SILVA, CARL J. KOENIGSMANN,
BRIAN FISCHER,

                       Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE PAUL A. CROTTY, UNITED STATES DISTRICT JUDGE

      Before the Court is the plaintiff's ex parte motion[1] for a temporary restraining order, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, to direct the defendants to: (1) bar Dr. Allan Jacobson ("Dr. Jacobson") "from acting or resuming acting as plaintiff's dental care provider"; and (2) "provide plaintiff promptly with reconstructive treatment for tooth #20, with crown for tooth #19 and with implant or bridge to replace lost tooth #2." The plaintiff contends he is entitled to a temporary restraining order because "the defendants do not have the slightest intention to provide me with adequate dental care to restore and save teeth # 19 and 20," and an "additional and potentially irreparable damage will continue to occur, unless the Court intervenes." According to the plaintiff, his "[t]ooth #20 is now fully exposed to bacteria . . . and thus will likely become infected and be lost in the same manner that tooth #2 was lost," and "[t]ooth #19, because it is not protected by a crown, will very likely collapse in the same manner that tooth #20 collapsed." The plaintiff asserts that "tooth #2 was lost in its entirety

---

[1] At the time the motion was made, the plaintiff was proceeding pro se; he has since obtained counsel.

because of the defendants' past lengthy failure to treat it," and "only an implant would adequately replace this loss."

## *Legal Standard*

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.
>
> Fed. R. Civ. P. 65(b)(1).
>
> While Rule 65 permits the grant of a temporary restraining order without notice, such an order, as is indicated by the very word "restraining," should issue only for the purpose of preserving the status quo and preventing irreparable harm and for just so long as is necessary to hold a hearing. The purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction.
>
> Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1124-25 (2d Cir. 1989) (quotation marks and citations omitted).

The Second Circuit explained that "the status quo" is "the last peaceable uncontested status preceding the present controversy." Mastrio v. Sebelius, 768 F.3d 116, 121 (2d Cir. 2014).

## *Application of Legal Standard*

The plaintiff contends in his motion that, absent a temporary restraining order, "potentially irreparable damage will continue to occur" concerning his teeth Nos. 19 and 20. He asserts that, "on December 16, 2014 tooth #2, or what was left of it, was extracted," and "only an implant would adequately replace this loss." The plaintiff's own contentions do not tend to show that immediate and irreparable injury will attend him, should the court determine not to issue a temporary restraining order. Moreover, the plaintiff does not seek to preserve the status quo. His request, that the court order treatment for his teeth Nos. 19, 20 and 2, is based on

events that allegedly occurred after the complaint was filed, namely, the dental services the plaintiff received from "dentist Guerriero" and "Dr. Moore," in November and December 2014, during the absence of Dr. Jacobson. Contrary to the purpose of a temporary restraining order – to preserve the status quo – the plaintiff seeks to alter the status quo, by seeking treatment based on new circumstances. The plaintiff failed to show that immediate and irreparable injury, loss or damage will result to him absent a temporary restraining order directing the defendants to perform certain dental treatment on the plaintiff immediately.

The plaintiff also seeks an order barring Dr. Jacobson from acting as his dental care provider. The plaintiff contends that (1) "during the past three years [Dr. Jacobson] has not provided me with practically any dental care"; (2) Dr. Jacobson "displayed systematic and deliberate indifference toward my dental care"; (3) "[s]ince at least mid-2013 Jacobson has had and continues to have a glaring interest to avoid liability in this litigation"; (4) no physician-patient "relationship exists between Jacobson and me for a very long time"; and (5) Dr. Jacobson should not be allowed to continue as the plaintiff's dental provider because the plaintiff's dental condition "requires immediate intervention to avoid further damage to and loss of additional teeth." None of the plaintiff's contentions listed above indicates that immediate and irreparable harm will ensue absent the issuance of a temporary restraining order barring Dr. Jacobson from acting as his dental provider. As the Court does not find that the plaintiff's dental condition is such that it requires the issuance of a temporary restraining order directing immediate intervention by a dental care provider, no basis exists for granting the plaintiff's request for a temporary restraining order directing the defendants to bar Dr. Jacobson from acting as the plaintiff's dental care provider.

## RECOMMENDATION

For the foregoing reasons, I recommend that the plaintiff's ex parte motion for a temporary restraining order, Docket Entry No. 67, be denied.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, 500 Pearl Street, Room 1350, New York, New York, 10007, and to the chambers of the undersigned, 40 Centre Street, Room 425, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York
January 15, 2015

Respectfully submitted,

Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE