UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
ROBERTO CIAPRAZI,
:
:
               Plaintiff,
:
:
    -against-
:
:
ALLAN JACOBSON; R. WILLIM; MARY J.
:
D'SILVA; CARL J. KOENIGSMANN;
:
BRIAN FISCHER,
:
:
               Defendants.
:
:
:
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 5, 2015

13 Civ. 4813 (PAC) (KNF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Plaintiff Roberto Ciaprazi ("Ciaprazi"), convicted of kidnapping in 1996, and currently incarcerated at Sing Sing Correctional Facility, brings this motion pursuant to Fed. R. Civ. P. 65(b) for a temporary restraining order ("TRO") directing the Defendants to (1) bar Dr. Allan Jacobson ("Dr. Jacobson") from serving as Ciaprazi's dental care provider, and (2) provide Ciaprazi with reconstructive treatment for tooth #20 (reconstruction); tooth #19 (crown); and tooth #2 (implant or bridge). The Court previously denied Defendants' motion to dismiss Ciaprazi's 42 U.S.C. § 1983 claim alleging deliberate indifference to Ciaprazi's dental needs.

On January 16, 2015, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("R & R") recommending that Ciaprazi's motion for a TRO be denied. Dkt. 73. Magistrate Judge Fox found that Ciaprazi's "own contentions do not tend to show that immediate and irreparable injury will attend him, should the court determine not to issue a temporary restraining order." R & R at 2. Magistrate Judge Fox noted that, "[c]ontrary to the purpose of a temporary restraining order – to preserve the status quo – the plaintiff seeks to alter

1

the status quo, by seeking treatment based on new circumstances." *Id.* at 3.  Magistrate Judge Fox concluded that Ciaprazi's dental condition did not require "immediate intervention by a dental care provider," and so "no basis exists for granting the plaintiff's request for a temporary restraining order." *Id.* at 3.

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The Court "may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." *Feehan v. Feehan*, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011).  Plaintiff had fourteen days after being served with the R & R to file written objections to the proposed findings and recommendations, which he did not do.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  This failure results in waiver of any objections, *see Thomas v. Arn*, 474 U.S. 140, 155 (1985), and the Court reviews the R & R for clear error.

The Court finds no clear error in Magistrate Judge Fox's finding that Ciaprazi failed to demonstrate that his dental condition required immediate intervention.  Ciaprazi's complaints reflect "disagreement with the scope and type of medical care and treatment he has received," allegations which are insufficient to support a TRO. *Wheeler-Whichard v. Canfield*, 2011 WL 1225564, at *2 (W.D.N.Y. Mar. 24, 2011).  For the same reasons, Ciaprazi has failed to demonstrate that his claims regarding Dr. Jacobson merit a TRO.  The Court does not adopt that portion of the R & R which recommends denying the TRO because the plaintiff does not seek to preserve the status quo but instead to alter it.  R & R at 2-3.  "Preserving the status quo is not confined to ordering the parties to do nothing: it may require parties to take action," *Mastrio v. Sebelius*, 768 F.3d 116, 120-21 (2d Cir. 2014), and the fact that Ciaprazi sought a TRO which required action is not grounds for its denial.

## **CONCLUSION**

For the foregoing reasons, Ciaprazi's motion for a temporary restraining order is denied.

The Clerk of Court is directed to terminate the motion at Docket Number 67.

Dated: New York, New York
      February 4, 2015

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Roberto Ciaprazi
DIN# 96-A-5408
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562